FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ JUN 16 2011
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

COLONEL MAURICE MAYNARD MEYERS,

                Petitioner,

-against-

CHAIRMAN ANDREW J. KOLODNY,
Maimonides Medical Center
4802 Tenth Avenue
Brooklyn, NY 11209
Attn: Legal Department,

                Respondent.
---------------------------------------------------------X

**MEMORANDUM
AND ORDER**
11-CV-2756 (CBA)(LB)

AMON, Chief Judge:

Petitioner Colonel Maurice Maynard Meyers ("Meyers"), currently residing at 593 Vanderbilt Avenue, Brooklyn, New York,[1] brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, principally alleging his rights were violated when in the care of the Maimonides Medical Center ("Maimonides") on May 4, 2011. He seeks damages and a "Federal Court Order- Discharged." For the reasons set forth below, petitioner is directed to file an amended complaint or petition within 30 days of the date of this Order.

## I. Background

Petitioner has filed three previous actions in this Court challenging his involuntary hospitalization in hospitals in this District. Meyers v. The Health & Hospital Corporation, 09-CV-1986 (CBA)(LB); Meyers v. Williams, 10-CV-620 (CBA)(LB); Meyers v. New York Presbyterian Hospital, 10-CV-3819 (CBA)(LB).

---

[1] Petitioner informed the Court that his address for service should be in care of Taylor Green, Mental Hygiene Legal Services, 120 Schermerhorn Street, Brooklyn, NY 11202.

1

## II. Discussion

As an initial matter, the Court notes that Meyers is proceeding *pro se*, and accordingly his submissions should be held to "less stringent standards than formal pleadings drafted by lawyers." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993) (quoting Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). The Court, moreover, must liberally construe Meyer's *pro se* pleadings and interpret them "to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994)). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Boddie v. New York State Div. of Parole, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

### A. Nature of Filing

One of petitioner's prior actions has been construed as petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because he sought release from custody, Meyers v. Williams, 10-CV-620 (CBA)(LB), but his other two actions have been complaints. His first action, Meyers v. The Health & Hospital Corporation, 09-CV-1986 (CBA)(LB), was a complaint brought pursuant to the Court's diversity jurisdiction alleging medical malpractice and the violation of his constitutional rights during his hospitalization for psychiatric care. His pending action, Meyers v. New York Presbyterian Hospital, 10-CV-3819, was filed as a § 2254 petition but has been construed as a 42 U.S.C. § 1983 complaint by the Court.

Petitioner characterizes the instant action as an "application- writ of habeas corpus" but it is unclear if it is properly characterized as such because he does not seem to challenge the fact of his confinement and he seeks damages, not release from custody. Buthy v. Commissioner of

Office of Mental Health of N.Y.S., 818 F.2d 1046, 1051-52 (2d Cir. 1987) (petition for habeas corpus proper method for challenging fact and duration of involuntary civil confinement) aff'd, 589 F.3d 75 (2d Cir. 2009); Richard S. v. Carpinello, 628 F. Supp. 2d 286 (N.D.N.Y 2008); Hunter v. Gipson, 534 F. Supp. 2d 395, 398-99 (W.D.N.Y. 2008). Since the submission is largely unreadable, as discussed below, it is difficult to ascertain his allegations or the basis for jurisdiction.

### B. Complaint Is Illegible

Also problematic is that the Court is unable to comprehend the submission because it is largely illegible. From the portions that the Court is able to read, it gleans that petitioner was taken to Maimonides on May 4, 2011 for a "reason still to date unknown." Complaint at 2. While in the emergency room, a urine and blood test were conducted but petitioner was not informed of the results. Id. He was told that he had high blood pressure and was being sent to the psychiatric ward. Id. He was first taken to the third floor and then the fourth floor of the hospital, both of which are psychiatric units. Id. Meyers states that he was never provided a "consent to treat[ment] form and made several phone calls to 'Ralph Jones- Joint Commission.'" Id. at 3. A Dr. MaLavalle had a "meeting to see if I had to go to court." Id. Meyers states that he provided the hospital with his doctor's telephone number but she was not called. Id. at 4. The Court cannot read the balance of the complaint except for the phrases "zyprexia- taking twice daily" and "requesting federal court order-Discharged" and "Plaintiff requesting: five million dollars compensatory, punitive, nominal damages," and it is not certain about the accuracy of this reading. Id. at 4-5.

This submission does not comply with Rule 8 of the Federal Rules of Civil Procedure which states that a complaint must "contain ... a short and plain statement of the claim showing

3

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). This rule "does not require 'detailed factual allegations,' " id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Id. (quoting Twombly, 550 U.S. at 555); see also Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir.2006). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 555 U.S. at 557).

While petitioner was at Maimonides on May 4, 2011 and apparently disagrees with his treatment by the hospital and seeks damages, it is wholly unclear what, if any, his claims are against the hospital or the sole defendant he has named, Dr. Kolodny. Other than the caption, as far as the Court can tell, Dr. Kolodny does not appear in the submission. Thus, the submission fails to provide the Court with notice of what claim or claims he seeks to make or to notify the defendant of the claims against him.

Furthermore, if plaintiff's submission is a § 2254 petition, it does not satisfy the pleading standards of Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules"). Under Rule 2(c) of the Habeas Rules, a petitioner must, *inter alia*, "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground[.]" In the habeas context, as in civil proceedings generally, a petition must plead "enough facts to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Owens v. Conway, No. 10 Civ. 3183(NRB), 2010 WL 3290980, at *2 (S.D.N.Y. Aug. 11, 2010).

**III. Leave To Amend**

4

As currently stated, petitioner has not satisfied the dictates of Fed. R. Civ. P. 8 or complied with Rule 2 of the Rules Governing Section 2254 Cases. However, in light of his *pro se* status, Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000) (*pro se* plaintiff should afforded opportunity to amend complaint prior to dismissal); Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999)); see also Iwachiw v. General Electric Corp., No. 99-CV-3668, 2000 WL 381977, at *2 (E.D.N.Y. Feb. 22, 2000) (*pro se* plaintiff given leave to replead where complaint does not meet the requirements of Fed. R. Civ. P. 8), petitioner is afforded thirty days to amend his petition in order to comply with the dictates of Fed. R. Civ. P. and/or Rule 2 of the Rules Governing Section 2254 Cases. See Fed R. Civ. P. 15(a); see e.g., Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [pro se] complaint gives any indication that a valid claim might be stated.") (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir.1999)); Hernandez v. Goord, No. 01 Civ. 9585, 2004 WL 719171, *10 (S.D.N.Y. Mar. 31, 2004). Should Meyers file an amended complaint or petition he must inform the court if he wishes to challenge his custody or the conditions during hospitalization.

### IV. Conclusion

Petitioner is afforded thirty (30) days to file an amended complaint or amended petition setting forth his claims against each named defendant and stating the type of relief sought. The Clerk of Court is directed to mail this Order to petitioner in care of Taylor Green, Mental Hygiene Legal Services, 120 Schermerhorn Street, Brooklyn, NY 11202. Petitioner is reminded that it is his obligation to keep the Court informed of his current address.

Should petitioner decide to file an amended complaint or petition, it must be submitted within thirty days of this Order and bear the same docket number as this Order. Petitioner is

5

advised that the amended pleading will completely replace the original petition. All further proceedings will be stayed for thirty days or until petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the action shall be dismissed without prejudice and judgment will enter. If submitted, the amended pleading will be reviewed for compliance with this Order. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
June 15, 2011